1  ALAN HIMMELFARB- SBN 90480
   KAMBEREDELSON, LLC
2  2757 Leonis Boulevard
   Los Angeles, California 90058
3  t: 323.585.8696

4  ATTORNEYS FOR PLAINTIFF

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10 | WENDI GUERRERO, individually and on behalf of two classes of similarly situated individuals, | CASE NO. C 08 04389 SBA |
|---|---|
| | **REVISED ORDER GRANTING PLAINTIFF WENDY GUERRERO'S MOTION TO REMAND** |
| Plaintiff, | |
| v. | **[28 U.S.C. § 1447(c)]** |
| MOBILEFUNSTER, INC., a Delaware corporation, FUNMOBILE GAMES, INC., a Delaware corporation, | Date:<br>Time:<br>Dept:<br>Judge: Saundra Brown Armstrong<br>Date Action Filed: 9/18/2008<br>No Trial Date Set |
| Defendants. | |

Defendants removed this action from the Superior Court for the State of California, County of San Mateo, to the United States District Court for the Northern District of California pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

For the following reasons, the Court finds that it does not have jurisdiction over this matter.

CAFA requires, among other elements, that the amount in controversy exceeds $5 million. When a class action is removed from state court and it is unclear from the face of the complaint the amount in controversy requirement is met, the removing party bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy requirement is met. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

To meet their burden, Defendants explained that Mobilefunster earned approximately $29.3 million in the first half of 2008. Defendants argue that all charges that Mobilefunster has collected from mobile customers are in controversy because Plaintiff's complaint alleges that Defendants' practices are systematic and routine.

Defendants characterize Plaintiff's complaint too broadly. Plaintiff's claim includes charges for unauthorized services, not all amounts Mobilefunster has billed and collected for mobile content services. It is impossible to tell from Defendants' submissions how many customers were billed for unauthorized charges, and how much they were charged. To conclude that more than $5 million is in controversy, the court would have to speculate as to the size of the class and the average amount of recovery for each class member, or simply guess at how much of Mobilefunster's revenue is relevant to this action. Such speculation is an insufficient basis for the assertion of subject matter jurisdiction.

Additionally, while Defendants' argument that potential punitive damages and attorney's fees should be included in establishing the amount in controversy is correct, it is insufficient to carry their burden. Any award of punitive damages must be based on the amount of compensatory damages awarded, and as already noted, that amount is too

speculative to be determined.  Thus, determining the amount of punitive damages requires further speculating in which the Court will not engage.  And with respect to attorney's fees, Defendants have failed to provide any evidence of what those fees might be, thus they may not be used to meet the jurisdictional threshold.

Because Defendants have failed to demonstrate, beyond mere speculation, that the amount in controversy exceeds $5 million, the Court finds that Defendants have not met their burden of establishing that the amount in controversy is met.  Thus, the Court lacks subject matter jurisdiction over this action.

Plaintiff's motion to remand to the Superior Court for the State of California, County of San Mateo, is granted.

DATED: 1/23/09

By: _____*Saundra B Armstrong*_____
Hon. Saundra Brown Armstrong
United States District Court